UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23002-CIV-SCOLA/GOODMAN

CATERPILLAR FINANCIAL SERVICES
CORPORATION

      Plaintiff,

v.

VENEQUIP MACHINERY SALES
CORPORATION

      Defendant.

_____/

**<u>ORDER ON DEFENDANT'S MOTION TO TEMPORARILY STAY DISCOVERY</u>**

*"You made delay, but time will not, and lost time is never found again."*

-   Benjamin Franklin (1706 – 1790)

In this breach of contract action [ECF No. 1] filed by Plaintiff Caterpillar Financial Services Corporation, Defendant Venequip Machinery Sales Corporation filed a motion [ECF No. 22] to stay the entire case under the international abstention doctrine (and other grounds) pending adjudication of related litigation in Curaçao. That motion is not yet fully briefed, as Caterpillar successfully obtained Orders [ECF Nos. 24; 39] giving it an additional forty-five (45) days to respond (and giving Venequip until February 22, 2023 to reply). So the abstention-based stay motion is not yet ripe.

In the meantime, however, Caterpillar later filed [ECF No. 26] a motion to stay

discovery pending this Court's ruling on the underlying, overarching stay motion. United States District Judge Robert N. Scola referred [ECF No. 28] both motions to the Undersigned. Caterpillar filed a response to the discovery stay motion, and Venequip submitted a reply [ECF Nos. 31; 35]. The Undersigned held a Zoom hearing on the discovery stay motion on February 2, 2023. [ECF No. 37].

Caterpillar objects to the discovery stay.

For the reasons outlined below, the Undersigned **denies** the motion for a temporary stay of discovery. The Undersigned anticipates submitting a Report and Recommendations on the underlying motion to stay (or abstain from) the entire case under the abstention doctrine shortly after it is ripe. The abstention/stay motion also seeks alternative relief if the Court were to deny the request to stay the case: dismissal of the lawsuit for failure to state a claim. The not-yet-issued Report and Recommendations on the initial motion to stay the entire case will include a recommendation on the motion to dismiss, regardless of what my recommendation is on the motion to stay.

The parties disagree about the fundamental nature of the lawsuit pending here. Venequip contends that resolution of the Curaçao Proceeding (filed in Curaçao by a different, but related entity, Caterpillar Crédito, SA de CV Sociedad Financiera De Objeto Múltiple ENR, against a different, but related Defendant, VMSC Curaçao, N.A.) is dispositive of this case. At bottom, Venequip argues that the primary breach at issue here is the default at issue in the Curaçao Proceeding, not the breach of the Inventory Loan

Agreement.

But Caterpillar emphasizes that the alleged Inventory Loan Agreement breach is in fact alleged here and is very much at issue. It says that the Curaçao Proceeding will not determine the outcome of the case pending here.

On the other hand, Venequip says that the Complaint filed here: (i) devotes nearly a third of its paragraphs to the Curaçao Proceeding and the breach alleged there; (ii) specifically alleges that the breach at issue here is premised upon the Curaçao-based breach; (iii) the only notices of default Caterpillar attaches to its Complaint as exhibits are the Curaçao-related default notices sent to the separate entity in Curaçao; and (iv) contains just one sentence alleging a nonpayment breach – with no supporting factual allegations or exhibits.

In response, Caterpillar says that default notices are not required under the Loan Agreement and that a default and acceleration letter *was* sent to Miami. Although Caterpillar did not attach the default letter sent to Venequip in Miami to its Complaint, it has now [ECF No. 40-2] filed that default letter as an exhibit to its opposition response to the abstention/stay motion. Moreover, Caterpillar notes that its lawsuit here is based on a payment default, and it argues that Venequip is trying to read out the non-payment allegation from the Complaint.

**Factual and Procedural Background**

Venequip's sole basis for its request to stay discovery pending resolution of the

3

motion to stay the entire case on international abstention grounds (or to dismiss it) is the pendency of the abstention/stay motion. It contends that permitting discovery to occur "undermines" the stay relief it is already seeking on a broader scale in its abstention/dismissal motion. [ECF No. 26, p. 1]. Therefore, Venequip argues, discovery should be stayed "to preserve its ability to provide [it] with the stay relief it seeks on the merits." *Id*. Venequip contends that discovery must be stayed "to preserve the integrity of its Motion to Stay." *Id*.

Venequip argues that "**essentially,**" the resolution of the Curaçao Proceeding is "dispositive in this case." *Id*. (emphasis supplied). It then says the resolution of the Curaçao Proceeding will be "*largely*" dispositive of this case. *Id*. at 2.

Venequip raises several arguments in support of its motion to stay discovery: (1) there is good cause to stay discovery because its pending motion shows that discovery is unnecessary; (2) it will suffer substantial prejudice if a discovery stay were not granted; (3) Caterpillar would not suffer any prejudice if a discovery stay is granted; and (4) the requested stay is moderate.

Caterpillar, however, contends that Venequip has "grossly mischaracterized" Caterpillar's basis for relief because Venequip "ignores the fundamental breach for which it has been sued – its failure to repay the millions of dollars it unquestionably borrowed" from Caterpillar. [ECF No. 31, p. 4]. It similarly argues that "this blatant omission of the payment breach" from the analysis "completely undermines" Venequip's arguments,

which therefore means that the Curaçao Proceeding is "most unlikely to dispose of this action in its entirety." *Id.*

At bottom, Caterpillar acknowledges that the alleged breach at issue in the Curaçao Proceeding is *discussed* in its Complaint here as a separate and additional breach -- but it emphasizes that the "predominant **basis**" for the instant lawsuit is that Venequip failed to pay approximately $4.77 million in principal it borrowed from Caterpillar. *Id.* at 5 (emphasis added). Significantly, Caterpillar notes that this failure-to-pay claim is "plainly alleged in the Complaint." *Id.* The Undersigned recognizes that paragraph 47 of the Complaint alleges that "[t]he Defendant, VMSC Miami, has materially breached its contractual obligations by, among other things, failing to make the required repayments of principal and interest due and owing under the aforementioned Inventory Loan Agreement and Notes."

Moreover, the Undersigned notes that paragraph 1 of the Complaint alleges that "[t]his lawsuit is brought pursuant to a straight-forward inventory loan agreement dated June 16, 2016 between the Plaintiff, CFSC, as lender, and the Defendant, VMSC Miami, as borrower, (the 'Inventory Loan Agreement')." These specific parties are not, however, parties in the Curaçao Proceeding.

Indeed, the plaintiffs and defendants in this case and in the Curaçao Proceeding are different. The instant lawsuit involves a contract entered into by a Florida corporation in Florida, governed by Tennessee law. The Curaçao Proceeding involves different

contracts between different parties governed by Mexican law.

Section 8.08 of the Agreement provides that the Laws of Tennessee would govern any disputes. In addition, Section 8.09(a) of the Master Loan Agreement (between the specific parties in this lawsuit), which concerns "Judicial Proceedings," provides that:

> [a]ny judicial proceeding brought against borrower with respect to the loan documents may be brought in any competent jurisdiction located in and at the election of lender: (i) **in any state or federal court of competent jurisdiction located in the <u>state of Florida</u>,** or (ii) in any state or federal court of competent jurisdiction located in the state of Tennessee and, by execution and delivery of this agreement and the loan documents, borrower accepts, generally and unconditionally, the non exclusive jurisdiction of such courts, and irrevocably agrees to be bound by any judgment rendered thereby in connection with this agreement or any document hereby contemplated.

[ECF No. 1, Ex. A, § 8.09(a) (emphasis added)].

<u>**Applicable Legal Standards and Analysis**</u>

Courts in the Southern District of Florida hesitate to stay discovery based on the existence of a motion to dismiss and view motions to stay discovery with disfavor "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

"[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the **entire** case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added).

Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

Having taken a preliminary peek at the pending abstention/dismissal motion, the Undersigned is not convinced that Venequip has met its burden. In particular, Venequip has not established that the Curaçao Proceeding will dispose of the entire lawsuit here. The mere fact that the Complaint contains allegations concerning another alleged default under another contract hardly means that the instant lawsuit is not in fact based largely on the purported failure to timely pay under the Inventory Loan Agreement.

Based on the somewhat equivocal language used in its motion to stay discovery

(i.e., "essentially" the Curaçao Proceeding result will be dispositive in this case; the resolution there will be "largely" dispositive of the instant case), it seems as though Venequip fully appreciates that the Curaçao Proceeding will not fully and entirely dispose of the case here. It is obvious (at least to the Undersigned) that the instant lawsuit concerns an alleged breach of the Inventory Loan Agreement. The lawsuit describes itself that way, and critical allegations alleged a breach of that agreement. And Venequip has not presented a convincing argument that Caterpillar would somehow not be allowed to proceed with this litigation about a failure to pay $4.77 million in principal based on an outcome in Curaçao.

Venequip's motion to stay discovery is tethered to its initial abstention/stay motion, which is based on its theory that this lawsuit is "parallel" to the Curaçao Proceeding.

"Suits are parallel if substantially the **same parties** are litigating substantially the **same issues** simultaneously in two fora." *Finova Cap. Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999). Where two proceedings "involve materially different issues, documents, and parties," they are not parallel. *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 650 (11th Cir. 2022) (analyzing whether proceedings were parallel for purposes of evaluating an international comity argument). [1]

As discussed earlier, the parties are not identical and the issues (i.e., the contracts)

---

[1]  *Marti* cited *Finova* with approval. 54 F.4th at 650 (vacating stay).

are not identical. Therefore, the two proceedings are not parallel. *Cf. Seguros Del Estado, S.A. v. Scientific Games, Inc.*, 262 F.3d 1164, 1170 (11th Cir. 2001) (holding that two cases were not parallel "since they involve materially different issues, documents and parties").

Moving on to another factor, Venequip has not adequately demonstrated that it would suffer substantial prejudice if required to participate in discovery before there is a ruling on the abstention/dismissal motion. The alleged prejudice is only that engaging in discovery will prevent it from obtaining the stay relief it seeks under its abstention-based motion. But the Undersigned has already taken a preliminary peek at the abstention motion and has already concluded that the cases are not parallel and that the Curaçao Proceeding is not likely to resolve the entire case. So Venequip's argument is somewhat circular (and therefore unconvincing).

Finally, it is far from clear that the requested discovery stay would last only a moderate amount of time. The discovery stay, if entered, would last until the Court entered a ruling on the abstention/stay motion. But that motion is not even fully briefed. Once it is briefed, however, the Undersigned would need to evaluate it and issue a Report and Recommendations. And once that happened, the parties would have the opportunity to file Objections and Responses. After that, Judge Scola would need to evaluate all the submissions. So the stay could easily last for several months.

A stay lasting for several months would be problematic. The Court's Trial Scheduling Order [ECF No. 30] establishes an August 28, 2023 fact discovery deadline.

Therefore, it is likely that Judge Scola would be required to move the trial date (and other trial-related deadlines) in order to accommodate the requested discovery stay and the inherent delay associated with waiting until the Court entered a substantive ruling on the underlying abstention/dismissal motion).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 9, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Robert N. Scola
All counsel of record