United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Caterpillar Financial Services Corp., Plaintiff, <br><br> v. <br><br> Venequip Machinery Sales Corp., Defendant. | ) ) ) ) ) Civil Action No. 22-23002-Civ-Scola ) ) ) ) |

### Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

This matter is before the Court on an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). Upon review of the complaint, the Court is not certain whether it has subject matter jurisdiction over this action because the Plaintiff Caterpillar Financial Services Corp. ("CFSC") has failed to properly plead diversity.

CFSC brought this matter under the Court's diversity jurisdiction, alleging complete diversity between the parties. (*See* Compl. ¶¶ 23–25, ECF No. 1.) Per the complaint, CFSC is a Delaware corporation, and the sole Defendant, Venequip Machinery Sales Corporation ("VMSC Miami"), is a Florida corporation. (*Id.* ¶¶ 20–21.) However, CFSC has not properly alleged either its own principal place of business or that of VMSC Miami. Under 28 U.S.C § 1332(c)(1), a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. A corporation's principal place of business is determined by its "total activities," and must take into account its "nerve center" and its "place of activities." *See Crockett v. Securitas Sec. Servs. USA, Inc.*, 278 F. App'x 863, 864-65 (11th Cir. 2007).

Here, the complaint fails to allege either party's principal place of business. Instead, it alleges that CFSC "is a Delaware Corporation *with offices* located" in Tennessee and that VMSC Miami "is a company operated and existing under the laws of the State of Florida with its *principal office* located" in Florida. (Compl. ¶¶ 20–21, ECF No. 1 (emphases added).) These allegations do not suffice because the place of a corporation's "offices" or even of its "principal

office" does not necessarily correlate to the location of its principal place of business under the "total activities" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1195, 175 L. Ed. 2d 1029 (2010) (allegations regarding corporation's "principal executive offices," as set forth in SEC form, insufficient to establish location of corporation's "nerve center," and thus its principal place of business, for diversity purposes).

    In sum, having examined the complaint, the Court finds the jurisdictional allegations to be lacking. Based on the present allegations, the Court is unable to fully satisfy itself that it has subject matter jurisdiction over this controversy. Accordingly, it is hereby **ordered** that by **June 22, 2023**, Sterling shall **show cause** why this matter should not be dismissed for lack of subject matter jurisdiction. Failure to respond within this timeframe will result in dismissal of this action without prejudice, without further notice.

    **Done and ordered** in Miami, Florida, on June 15, 2023.

                                              Robert N. Scola, Jr.
                                              United States District Judge