United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Caterpillar Financial Services Corp., Plaintiff, <br><br> v. <br><br> Venequip Machinery Sales Corp., Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-23002-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Adopting in Part Report and Recommendations

This matter is before the Court on the Defendant Venequip Machinery Sales Corporation's ("VMSC Miami") motion to dismiss, or alternatively stay, the instant case. (Mot., ECF No. 22.) The Court referred the motion to Magistrate Judge Jonathan Goodman for either an order or a report and recommendations. (ECF No. 28.) Judge Goodman issued a report and recommendations, wherein he recommended (i) that the Court grant VMSC Miami's request to stay this proceeding and, alternatively, (ii) that the complaint be dismissed without prejudice for failure to state a claim. (R&R., ECF No. 44.) The Plaintiff Caterpillar Financial Services Corporation ("CFSC") timely objected to the report and recommendations (Obj., ECF No. 45), and VMSC Miami responded to those objections (Resp. Obj., ECF No. 48). After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, the Court **adopts** Judge Goodman's **report and recommendations in part** (**R&R., ECF No. 44**) and **grants** VMSC Miami's motion to dismiss this case (**Mot., ECF No. 22**), as further explained below. Because the Court concludes that dismissal is appropriate, it does not reach VMSC Miami's alternative arguments for a stay.

1. **Background**

In this breach of contract action, CFSC sues VMSC Miami for its failure to repay amounts allegedly due under a June 16, 2016, inventory loan agreement (the "Inventory Loan Agreement"). (Compl. ¶¶ 1–5, ECF No. 1.) CFSC is a subsidiary of Caterpillar, Inc. ("Caterpillar"), which, in turn, is a leading manufacturer of industrial equipment and engines. (*Id.* ¶¶ 7–8.) Pursuant to the Inventory Loan Agreement, CFSC would make certain funds available to VMSC Miami to allow it to finance products manufactured by Caterpillar. (*Id.* ¶ 28.) To that end, throughout 2017, the parties executed six promissory notes pursuant to which VMSC Miami requested funds under the Inventory Loan

Agreement. (*Id.* ¶¶ 29–38.) CFSC complains that VMSC Miami has breached the Inventory Loan Agreement and related promissory notes by failing to make the payments due thereunder. (*Id.* ¶¶ 42, 47.) In support of its breach of contract claim, CFSC provides certain details as to the Inventory Loan Agreement and related promissory notes. Critically, it also provides significant information regarding related entities and litigation currently unfolding in Curaçao (the "Curaçao Proceeding").

As relevant here, the reason that CFSC claims VMSC Miami's payments are outstanding is because CFSC declared an event of default under the Inventory Loan Agreement. (*Id.* ¶¶ 42, 47.) Although not totally clear from the complaint, that event of default may have been based on a purported adverse change in VMSC Miami's financial condition as a result of another, albeit related, entity's default under another, albeit related, agreement. (*Id.* ¶ 39.) Specifically, in 2007, a subsidiary of CFSC called Caterpillar Crédito, SA de CV Sociedad Financiera De Objecto Múltiple ENR ("Cat Crédito") entered into a loan agreement with VMSC Curaçao, N.A. ("VMSC Curaçao"), a company that, like VMSC Miami, is part of a group of companies known as the Venequip Group. (*Id.* ¶¶ 8, 10, 13.) In 2015, Cat Crédito entered into an extension of the original loan agreement with VMSC Curaçao that increased the line of credit thereunder (the "2015 Loan Agreement"). (*Id.* ¶ 16.) In December 2017, VMSC Curaçao defaulted on its payment obligations under the 2015 Loan Agreement. (*Id.* ¶ 17.) In response, CFSC and its affiliates declared events of default as to both the 2015 Loan Agreement and the Inventory Loan Agreement that is the subject of the instant case. (*Id.* ¶ 39.) The circumstances of the initial default are currently being litigated in the Curaçao Proceeding, where, pursuant to the terms of the 2015 Loan Agreement, Cat Crédito initiated a petition to the court of First Instance against VMSC Curaçao seeking to recover all amounts due thereunder. (*Id.* ¶ 19.)

In its motion, VMSC Miami requested that the Court stay this action pending resolution of the Curaçao Proceeding based on the international abstention doctrine and this Court's inherent power to control its docket. (Mot., ECF No. 22.) Alternatively, VMSC Miami raised various arguments for why the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), including for failure to sufficiently allege a breach of contract. (*Id.*) Judge Goodman agreed that this action should be stayed, concluding that the Curaçao Proceeding is a parallel proceeding, and that abstention is appropriate pursuant to all the relevant factors. (R&R. 16, 30, ECF No. 44.) Should the Court deem it appropriate at this time, however, he also recommended that it grant VMSC Miami's motion to dismiss the complaint for failing to properly allege a breach of contract. (*Id.* at 17–23, 31.)

The Court finds Judge Goodman's findings of fact and conclusions of law to be well-reasoned, thorough, cogent, and compelling. Because the Court agrees that CFSC has failed to adequately allege a breach of contract, however, it declines to address that part of the report and recommendations relating to VMSC Miami's request for a stay of this action. Accordingly, the Court **adopts and affirms** Judge Goodman's **report and recommendations in part** (**R&R., ECF No. 44**) and **grants** VMSC Miami's motion to dismiss this case (**Mot., ECF No. 22**).

### 2. Standard of Review

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed, at a minimum, for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. Analysis

While VMSC Miami raised various arguments for why the complaint fails to meet the standard of Federal Rule of Civil Procedure 12(b)(6), Judge Goodman recommended dismissal only on the ground that the complaint fails to sufficiently allege a breach of contract. Specifically, he agreed with VMSC Miami that the complaint fails to allege the contractual provisions breached and that it fails to establish compliance with a contractual notice of default requirement. (R&R. 17–23, ECF No. 44.)

In its objections to the report and recommendations, CFSC argues that Judge Goodman incorrectly finds its allegations regarding the nature of the breach to be ambiguous. In addition, CFSC argues that notice of default was

not required and that, even if it was, the complaint clearly alleges that notice was provided. Unsurprisingly, VMSC Miami argues that Judge Goodman correctly concluded that the complaint's allegations as to breach of contract are inadequate. As noted, the Court agrees with Judge Goodman that the complaint fails to adequately allege a breach of contract claim. CFSC's objections to the contrary are unpersuasive.

      The Inventory Loan Agreement provides that it shall be governed and construed in accordance with the laws of the State of Tennessee. (*See* Agreement § 8.08, ECF No. 1-3.) "In order to make a prima facie case for a breach of contract claim" under Tennessee law, "a plaintiff must allege: (1) The existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *See Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8 (Tenn. Ct. App. 2019). Importantly, as recognized by Tennessee courts, "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Archambeault v. Wyndham Vacation Ownership*, No. 3:20-cv-01044, 2021 U.S. Dist. LEXIS 250833, at *15 n.19 (M.D. Tenn. July 14, 2021) (quoting *KSA Enters. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 460 (6th Cir. 2019)); *Pearson v. Specialized Loan Servicing, LLC*, No. 1:16-cv-318, 2017 U.S. Dist. LEXIS 116137, 2017 WL 3158791, at *4 (E.D. Tenn. Jul. 24, 2017) (finding plaintiff's failure "to identify any provision in the security trust . . . that the [defendant] has breached" to be "fatal to her claim [for breach of contract]" and dismissing claim for failure to state a claim upon which relief can be granted); *Simmons v. Countrywide Home Loans*, No. 3:09-00621, 2010 U.S. Dist. LEXIS 33760, at *7 (M.D. Tenn. Feb. 25, 2010), *report and recommendations adopted*, 2010 U.S. Dist. LEXIS 33761 (M.D. Tenn. Apr. 5, 2010) ("Plaintiffs fail to allege which provisions of the Loan Agreement were breached by Defendants, or how those provisions were breached[.]"); *see also Reyes v. Scottsdale Ins. Co.*, Civil Action No. 20-21437-Civ-Scola, 2020 U.S. Dist. LEXIS 71616, at *2-3 (S.D. Fla. Apr. 23, 2020) (Scola, J.) (compiling cases) (same).

      The Court agrees with Judge Goodman's conclusion that CFSC fails to adequately allege nonperformance amounting to a breach because it fails to adequately set forth the provision of the Inventory Loan Agreement that has been breached. Neither in its complaint nor in its briefing opposing VMSC Miami's motion to dismiss does CFSC ever point to the specific terms of the Inventory Loan Agreement on which its claim is based. Granted, the complaint contains various allegations to the effect that VMSC Miami is "in default of its obligations . . . by virtue of its failure to repay amounts as they become due"

and that "[d]espite written notice as to an event of default . . . CFSC has received no repayment of any kind under the terms of the Inventory Loan Agreement and related notes." (Compl. ¶¶ 5, 42, ECF No. 1.) But CFSC never points to the actual terms of the Inventory Loan Agreement on which its declaration of default or corresponding demand for repayment are based. (*See generally id.*) The significance of this is underscored by the fact that the Inventory Loan Agreement sets forth eight different potential events of default, so that there are a host of different circumstances in which VMSC Miami's alleged nonperformance could amount to a breach. (*See* Agreement § 7.01, ECF No. 1-3.) Thus, specifying the provision breached is necessary to identifying the event of default at issue and any defenses or other deficiencies in the alleged breach. CFSC's conclusory allegations that VMSC Miami's breach is based on a failure to pay do not adequately set forth the nature of the breach at issue, or how it came about.

Indeed, at times it seems like CFSC's allegations as to the nature of its claimed breach are left intentionally unclear. For one, in the allegations under its breach of contract count, CFSC states that "VMSC Miami[] has materially breached its contractual obligations by, **among other things**, failing to make the required payments of principal and interest due and owing[.]" (Compl. ¶ 47, ECF No. 1 (emphasis added).) But such "ambiguous catchall allegations are insufficient" to allege a breach of contract. *See Regal v. Butler & Hosch, P.A.*, No. 15-CIV-61081, 2015 U.S. Dist. LEXIS 182446, at *15-16 (S.D. Fla. Oct. 8, 2015) (Bloom, J.) ("Plaintiffs also include vague, 'catchall' methods of breach such as 'other benefits.' At a minimum, Rule 8 requires Plaintiffs to indicate the precise provisions allegedly breached."); *Gentry v. Harborage Cottages-Stuart, LLLP*, No. 08-14020-CIV, 2008 U.S. Dist. LEXIS 32663, at *10 (S.D. Fla. Apr. 21, 2008) (Moore, J.) ("[G]iven the vague and factually limited pleadings concerning the breach of contract claim and this Court's inability to discern which of the provisions were allegedly breached, Plaintiffs have failed to sufficiently state a claim for breach of contract.").

In addition, the grounds for breach alleged in the complaint do not clearly correspond to those argued by CFSC in its briefing. For example, while in the complaint CFSC alleges that it declared an event of default as to the Inventory Loan Agreement as a result of VMSC Curaçao's default under the 2015 Loan Agreement (Compl. ¶¶ 39–42, ECF No. 1), in its opposition to dismissal CFSC seems to argue that the primary default at issue here is based on VMSC Miami's failure to pay the amounts owed on the promissory notes at maturity, independent of any other entity's default. (*See* Obj. 10, 18, ECF No. 45 ("Plaintiff has properly pled a breach for non-payment of matured notes, which is no way, shape or form before the Curaçao court, and never could

be.").) Yet, CFSC's position on this point is wholly undermined by the allegations in the complaint, including the fact that a significant portion of those allegations focus exclusively on the Curaçao Proceeding. And the complaint includes a single count for breach of contract; it does not purport to allege different bases for the purported breach. In short, given CFSC's failure to specify the provision of the Inventory Loan Agreement allegedly breached and its corresponding confusion as to the nature of the breach itself, the Court has no difficulty agreeing with Judge Goodman that the complaint fails to adequately allege nonperformance by VMSC Miami amounting to a breach of the contract.

Because CFSC has failed to adequately allege the grounds for its breach of contract claim, the Court will not reach the issue of whether the complaint should also be dismissed for failure to establish compliance with the Inventory Loan Agreement's notice of default requirement. Indeed, because the complaint is unclear as to the circumstances underlying the alleged breach, the Court is unable to definitively determine whether such notice was required by the contract or, if required, whether CFSC properly alleged that it was provided.

Finally, the Court denies CFSC's request for leave to amend. CFSC requests leave to amend as an afterthought, at the end of its objections to Judge Goodman's report and recommendations, making the request both procedurally defective and lacking in substantive support under Eleventh Circuit Precedent. *See Newton v. Florida*, 895 F.3d 1270, 1277-78 (11th Cir. 2018) (reaffirming the rule that a request for leave to amend is not properly raised if embedded in a memorandum in opposition to a motion to dismiss); *see also Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."). The Court will not now afford CFSC another bite at the apple where it declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016).

### 4. Conclusion

For the reasons set forth above, the Court **adopts and affirms** Judge Goodman's **report and recommendations in part** (**R&R., ECF No. 44**) and **grants** VMSC Miami's motion to dismiss CFSC's complaint (**Mot., ECF No. 22**), which is comprised solely of one count of breach of contract against VMSC Miami. The Court dismisses CFSC's complaint **with prejudice** because it has failed to state a claim under Rule 12(b)(6). In addition, as stated, the Court denies the CFSC's request for leave to amend.

**Done and ordered** in Miami, Florida, on July 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge