United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Caterpillar Financial Services Corp., Plaintiff, <br><br> v. <br><br> Venequip Machinery Sales Corp., Defendant. | ) ) ) ) ) Civil Action No. 22-23002-Civ-Scola ) ) ) ) |

**Order Denying Motion to Alter or Amend Judgment,
or in the Alternative, for Relief from Judgment**

     The Plaintiff Caterpillar Financial Services Corp. ("CFSC") moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend, or in the alternative pursuant to Rule 60(b) for relief from, the Court's July 13, 2023, order granting the Defendant Venequip Machinery Sales Corp.'s ("VMSC Miami") motion to dismiss CFSC's complaint with prejudice (Dismissal Order, ECF No. 52) and the corresponding judgment entered in favor of VMSC Miami (Judgement, ECF No. 53). (Mot., ECF No. 54.) CFSC specifies that it "seeks relief solely with respect to this Court's dismissal *with prejudice* and requests leave to amend its Complaint." (*Id.* at 2.) VMSC Miami responded opposing CFSC's motion (Resp., ECF No. 57), and CFSC replied (Reply, ECF No. 58). The Court has reviewed the record, the parties' briefs, and the relevant legal authorities. For the reasons set forth below, the Court **denies** CFSC's motion. (**Mot., ECF No. 54**.)

1. **Background**

     On September 20, 2022, CFSC initiated this breach of contract action, seeking to recover from VMSC Miami amounts allegedly due under a June 16, 2016, inventory loan agreement. (Compl. ¶¶ 1–5, ECF No. 1.) In response, on December 9, 2022, VMSC Miami alternatively moved for a stay or dismissal of this case. (ECF No. 22.) Specifically, VMSC Miami requested that the Court stay the action pending resolution of related legal proceedings simultaneously unfolding in Curaçao (the "Curaçao Proceeding") based on the international abstention doctrine and the Court's inherent power to control its docket. Alternatively, VMSC Miami raised various arguments for why the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), including for failure to adequately allege a breach of contract.

     On January 18, 2023, the Court referred VMSC Miami's motion for a stay or to dismiss to United States Magistrate Judge Jonathan Goodman for either an order or a report and recommendations. (ECF No. 28.) Shortly thereafter, on

January 23, 2023, the Court issued its scheduling order setting forth the various deadlines that the parties were required to comply with in this case. In particular, the scheduling order specified that the deadline to join additional parties or to amend pleadings was February 27, 2023. (ECF No. 30.)

Rather than seek leave to amend the complaint, after multiple extensions of time, on February 8, 2023, CFSC filed its response opposing VMSC Miami's motion to stay or dismiss. (ECF No. 40.) VMSC Miami replied on February 22, 2023 (ECF No. 42), and Judge Goodman issued his report and recommendations on March 31, 2023 (ECF No. 44). Judge Goodman agreed with VMSC Miami that this action should be stayed, concluding that the Curaçao Proceeding is a parallel proceeding, and that abstention is appropriate pursuant to all the relevant factors. (*Id.* at 16, 30.) In addition, Judge Goodman recommended that VMSC Miami's motion to dismiss for failure to properly allege a breach of contract be granted, albeit without prejudice. (*Id.* at 17–23, 31.)

On April 14, 2023, CFSC filed its objections to Judge Goodman's report and recommendations. (Objs., ECF No. 45.) On the last page of its objections, CFSC includes a one-paragraph, "in the alternative" request for leave to amend in case the Court found its complaint deficient. (*Id.* at 20.) This is the first time that CFSC raised the potential for amendment. On April 28, 2023, VMSC Miami responded to the objections. (Resp. Obj., ECF No. 48.)

As noted, the Court issued its order adopting Judge Goodman's report and recommendations as to the issue of dismissal on July 13, 2023. (Dismissal Order, ECF No. 52.) Because the Court agreed that CFSC failed to adequately allege a breach of contract, it declined to address that part of the report and recommendations relating to VMSC Miami's request for a stay of the action. (*Id.* at 3.) In addition, the Court denied CFSC's request for leave to amend as procedurally defective and lacking in substantive support under Eleventh Circuit precedent. (*Id.* at 6.) Finally, the Court explained that CFSC's complaint was dismissed with prejudice because it failed to state a claim under Rule 12(b)(6) and no amendment was forthcoming. That same day, the Court entered judgment in favor of VMSC Miami and against CFSC. (ECF No. 53.)

Now, CFSC seeks relief from the Court's dismissal order and judgment, specifying that it only asks the Court for leave to file the proposed amended complaint attached to its motion. (Mot. 6, ECF No. 54.)

### 2. Applicable Legal Standard

The parties disagree as to the standard applicable to CFSC's request for leave to file an amended complaint after the entry of an order dismissing the case. Although CFSC acknowledges that Rules 59(e) and 60(b) are the correct procedural vehicles for such motions, it argues that its request should be

analyzed under the liberal Rule 15(a) standards for amendments to pleadings. In contrast, VMSC Miami argues that Rule 15(a) plays no role here and that CFSC's motion must be analyzed exclusively under the frameworks of Rules 59(e) and 60(b).

The Eleventh Circuit recently settled the issue in *Carpenters Pension Fund of Ill. v. MiMedx Grp., Inc. (In re MacPhee)*, 73 F.4th 1220, 1250 (11th Cir. 2023). In *MacPhee*, the Eleventh Circuit specifically "recognize[d] that there is some tension in our circuit's case law on the proper standard for a court to evaluate a post-judgment motion for leave to amend, i.e., whether the standards of Rule 15(a) or the standards of Rules 59(e) and 60(b) apply." *Id.* at 1249. Nonetheless, the *MacPhee* court decided that where, as here, the district court has dismissed an action by entering an order dismissing the complaint and final judgment, the denial of a "post-judgment request for leave to amend" is analyzed under "the standards governing Rules 59(e) and 60(b)." *Id.* at 1250.

CFSC strongly disputes the applicability of *MacPhee* to this case, going so far as to argue that it was "wrongly decided and must be reversed" in light of prior Eleventh Circuit authority and the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962). (Reply 4 n.1, ECF No. 58.) However, the Court declines to address CFSC's arguments as to the applicability of *MacPhee* because its request must be denied even if the strict standards of Rules 59(e) and 60(b) are not applied.

### 3. Analysis

#### A. Leave to Amend Is Not Merited Under Either Rule 59(e) and or Rule 60(b).

In seeking reconsideration, CFSC invokes Rules 59(e) and 60(b)(6).[1] CFSC's burden under each Rule is essentially the same.

Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted). Thus, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (cleaned up).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a

---

[1] Although CFSC never categorically specifies which provision of Rule 60(b) it moves under, the only one it specifically relies on and cites throughout its briefing is the catchall provision in Rule 60(b)(6). *See, e.g., Llauro v. Linville*, No. 20-12862, 2021 U.S. App. LEXIS 35946, at *10-11, 2021 WL 5767935, at *4 (11th Cir. Dec. 6, 2021).

>decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (cleaned up).

Rule 60(b)(6) permits relief from a final judgment or order for "any other reason that justifies relief." Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). The moving party must show that "an 'extreme' and 'unexpected' hardship will result" absent relief. *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S. Ct. 460, 76 L. Ed. 999 (1932)). As with Rule 59(e), a motion for reconsideration under Rule 60(b) "cannot be used to relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).

As VMSC Miami correctly points out, CFSC does not even try to meet its burden under Rules 59(e) and 60(b)(6) in its opening brief, which means that it has effectively waived the issue. *See Riley v. Tesla, Inc.*, 603 F. Supp. 3d 1259, 1289-90 (S.D. Fla. 2022) (quoting *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)) ("[A]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."). Nonetheless, the Court has considered the cursory attempts that CFSC makes in its reply brief to directly address the standards of Rules 59(e) and 60(b)(6) and finds them sorely lacking.

CFSC essentially argues that it should be granted relief pursuant to Rules 59(e) and 60(b)(6) because, if it is not allowed to amend its pleading and proceed with its claim for breach of contract, CFSC will be stripped of its right to recover the millions of dollars it loaned to VMSC Miami and thus will suffer extreme and unexpected hardship. The Court is cognizant of the significant impact that dismissal of this action without further opportunity to amend could have on CFSC. But the possibility of suffering serious, adverse consequences as a result of being unsuccessful in litigation is not enough to warrant reconsideration under Rules 59(e) and 60(b)(6). If that were the case, practically all parties that suffered an adverse judgment would satisfy the exceptional circumstances contemplated by these Rules.

Perhaps most importantly, CFSC makes no effort to explain *why* it could not have sought leave to amend its complaint before the Court entered the orders dismissing this case. Throughout its briefing, CFSC maintains that it was

justified in choosing to defend against VMSC Miami's motion to stay or dismiss because it had a good faith belief that it had advanced an actionable complaint. But the fact that CFSC may have had good reason for declining to amend its complaint when it had the opportunity to do so, does not mean that it was somehow prevented from seeking to amend its complaint, as it now does, before the entry of judgment. In other words, CFSC presents no reason for why it did not timely seek to amend other than its chosen litigation strategy, and this is not enough to merit relief under the exacting standards of Rules 59(e) and 60(b)(6). *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("And we've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

In short, CFSC has failed to meet the standards for post-judgment amendment as set forth in Rules 59(e) and 60(b)(6).

### B. Leave to Amend is Not Merited Under Rule 15(a) Either.

As noted, CFSC urges the Court that the Eleventh Circuit's decision in *Carpenters Pension Fund of Ill. v. MiMedx Grp., Inc. (In re MacPhee)*, is inapplicable here and that, as such, the liberal standards of Rule 15(a) should govern its post-judgment motion for leave to amend the complaint. 73 F.4th 1220, 1250 (11th Cir. 2023). However, even if the Court were to look past the standards of Rules 59(e) and 60(b)(6) CFSC's request would still fail.

Where a party seeks leave to amend *after* the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). That is, the movant must also show "good cause" under Rule 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

The Court's scheduling order set February 27, 2023, as the deadline for the parties in this case to amend their pleadings. (ECF No. 30.) VMSC Miami's motion

to stay or dismiss had been pending for over a month before the February 27, 2023, deadline ran, and so CFSC at least had reason to question the sufficiency of its pleading. Despite the existence of the February 27th deadline, CFSC makes no effort to argue why good cause to amend exists here pursuant to Rule 16(b). CFSC does not address the good cause requirement in its opening brief, and it does not even mention Rule 16(b) in its reply, even though VMSC Miami specifically raised it in its response opposing CFSC's motion. (*See generally* Mot., ECF No. 54; Reply, ECF No. 58.) But CFSC's apparent desire to ignore Rule 16(b)'s requirements does not make them any less applicable here. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Again, CFSC seems to argue that it had good cause to forego seeking amendment by the Court's deadline "based on its good faith belief that it had advanced an actionable complaint." (Reply 6, ECF No. 58.) However, inherent in CFSC's position that it had advanced an actionable complaint worth defending is a recognition that CFSC was aware of the Court's amendment deadline and chose to let it run. Indeed, CFSC does not argue that its proposed changes to the complaint could no have been made before the Court's amendment deadline and fails to otherwise present any reason why the Court's deadline could not be met despite its diligence, as required by Rule 16(b). *See Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015) ("A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint.").

Finally, even if CFSC had shown good cause for failing to seek amendment by the deadline in the Court's scheduling order, CFSC's request would still fail under Rule 15(a). "Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial." *Pines Props. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005) (citing *Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578–79 (11th Cir. 1991)). As explained, CFSC does not provide an adequate explanation for why it waited until after the Court entered the orders dismissing this case to seek amendment. CFSC does not argue that it would have been impossible to seek amendment before now or that the facts on which its proposed amended complaint is based were unknown to it before now. *See Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1187 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."); *see also Poole v. Wichard, Inc.*,

No. 21-12806, 2022 U.S. App. LEXIS 20289, at *6-7, 2022 WL 2903400, at *3 (11th Cir. July 22, 2022) (The "district court did not abuse its discretion by denying leave to amend where the facts supporting the proposed amendment . . . were known two months after the complaint was filed and leave to amend was not pursued until over a year later after the discovery and the amended pleadings deadline had passed."). Throughout its briefing CFSC maintains that the only reason is seeks amendment is to forego an alternative basis for VMSC Miami's alleged breach of contract in order to simplify the pleadings. The Court sees no compelling reason why CFSC delayed until this stage of the proceedings to seek to make such a change.

4. **Conclusion**

Accordingly, for the reasons explained above, the Court concludes that CFSC has failed to meet the standards for post-judgment amendment and thus **denies** its motion under both Rules 59(e) and 60(b)(6). (**Mot., ECF No. 54**.)

**Done and ordered** in Miami, Florida, on November 29, 2023.

_____
Robert N. Scola, Jr.
United States District Judge