**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-23002-BLOOM/D'Angelo**

CATERPILLAR FINANCIAL SERVICES CORPORATION,

    Plaintiff,

v.

VENEQUIP MACHINERY SALES CORPORATION,

    Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Venequip Machinery Sales Corporation's ("VMSC") Motion to Dismiss ("Motion"), ECF No. [95]. Plaintiff Caterpillar Financial Services Corporation ("CFSC") filed a Response in Opposition ("Response"), ECF No. [101]. VMSC filed a Reply in Support ("Reply"), ECF No. [104].  The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.   BACKGROUND

Plaintiff's alleges that Caterpillar is the world's leading manufacturer of industrial equipment and engines. ECF No. [94] ¶ 8. Caterpillar, through CFSC, provides financing to "various dealers and select customers". *Id*. ¶ 9. On June 30, 2016, CFSC entered into an Inventory Loan Agreement ("Agreement") with VMSC, which entitled VMSC to periodically borrow up to $5 million dollars in funds from CFSC to purchase inventory from Caterpillar or other affiliates of CFSC. *Id*. ¶ 11. The process by which CFSC would make loans to VMSC. Specifically, "[e]ach Loan hereunder shall be evidenced by a separate Note payable to the order of [CFSC], in the total amount of such

Loan." *Id*. ¶ 12. In 2017, between January and October, CFSC and VMSC executed a series of promissory notes "evidencing the loans made by CFSC to VMSC." *Id*. ¶ 13.

Each promissory note is "governed by the [Agreement] and the terms set forth in each note. *Id*. ¶ 14. While the Agreement established the framework under which VMSC would borrow and CFSC would lend money, each promissory note reflects an individual loan CFSC made to VMSC. *Id*. ¶ 15.

On September 20, 2022, CFSC filed its Original Complaint for breach of contract ("Original Complaint"). ECF No. [1]. VMSC filed a Motion to Dismiss the Complaint, ECF No. [22], which the Court granted. ECF No. [52]. The Court's decision was thereafter vacated by the Eleventh Circuit and remanded for further proceedings. ECF No. [68]. Upon reassignment to this Court, CFSC was granted leave to file its Amended Complaint. ECF No. [94].

CFSC's Amended Complaint asserts six counts of breach of contract, one for each promissory note, alleging VMSC failed to make the required repayments of principal and interest. *Id*. ¶¶ 28-55. In the Motion, VMSC seeks to dismiss the Amended Complaint and argues that CFSC fails to state a breach of contract claim or, in the alternative, cannot bring its claims for failure to pay the notes at maturity because the applicable statute of limitation to bring such claims has expired. ECF No. [95]. CFSC responds that it has set forth plausible claims, and its claims are not barred by the statute of limitations. ECF No. [101].

## II. LEGAL STANDARD

### A. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007);

*see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp.*, LLC, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A.  Sufficiency of CFSC's Breach of Contract Claims

The parties agree that the breach of contract claims are governed by Tennessee law. ECF No. [95] at 3; ECF No. [94] ¶ 7. Under Tennessee law, "[i]n a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting

to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011).

VMSC argues the plain language of the note's "Payment Schedule" provision does not impose a payment obligation at maturity if the note is accelerated. ECF No. [95] at 9. Thus, because CFSC "repeatedly admitted it accelerated all the Notes in December 2017 prior to their maturity in and after January 2018", VMSC "had no obligation to pay the Notes. . . at maturity under the Payment Schedule provision." *Id*. at 10. As such, VMSC "could not have breached any contractual promise to pay at maturity." *Id*.

CFSC responds that VMSC's argument only makes sense if VMSC "has actually paid upon CFSC's acceleration of the loan agreement and was arguing that it should not have to pay ***again*** at the maturity date.**" ECF No. [101] at 12. CFSC argues the "the plain language of the Inventory Loan Agreement precludes VMSC's argument." *Id*. at 13. First, CFSC claims that, under the Agreement, CFSC can sue "for the recovery of judgment for the Indebtedness hereby owed". ECF Nos. [101] at 13; [94-1], Clause 7.02(b). Second, CFSC contends that the "Status Quo" provision provides that if "CFSC's claims for accelerated payments are 'discontinued or abandoned for any reason or shall have been determined adversely to [CFSC], then, in every such case, [CFSC] and [VMSC] shall be restored to their former positions and rights hereunder." ECF Nos. [101] at 13, [94-1], Clause 7.03. The provision states:

> 7.03 Status Quo. In case Lender shall have proceeded to enforce any right under this Agreement, and such proceedings shall have, been discontinued or abandoned for any reason or shall have been determined adversely to Lender, then, and in every such case, Borrower and Lender shall be restored to their former positions and rights hereunder.

ECF No. [94-1].

Importantly, as CFSC acknowledges, it is "proceeding in the Amended Complaint under solely a theory for failure to repay at the original maturity date." ECF No. [101] at 14. CFSC argues it is the "Status Quo" provision that ensures CFSC "retains its 'former positions and rights' under the Inventory Loan Agreement – *i.e.*, the rights under the Inventory Loan Agreement prior to acceleration, which require[s] payment at the original maturity date." *Id*.

CFSC also contends that the Eleventh Circuit has "already blessed" their theory of liability based on VMSC's failure to repay amounts as they became due at maturity. ECF No. [101] at 7. In support, CFSC cites the Eleventh Circuit's earlier ruling as to the sufficiency of allegations in CFSC's Original Complaint, ECF No. [1]. *Id*. In its ruling, the Eleventh Circuit noted:

> Caterpillar Financial alleged two theories of default. One theory is that Venequip Miami is "in default of its obligations under the express terms of the Inventory Loan Agreement by virtue of its failure to repay amounts as they become due." *Id.* ¶ 5. The other theory is that the amounts became due when Caterpillar Financial formally declared a default event and accelerated the debt because VMSC's Curaçao's default on the Curaçao loan agreement "constituted material impairment of the prospect that [Venequip] Miami could or would[ ] be financially capable to repay the Inventory Loan Agreement." *Id.* ¶ 39. According to the complaint, Venequip Miami never repaid any of the loans.

*Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1347 (11th Cir. 2025). As CFSC points out, the Eleventh Circuit held that despite pleading alternative theories, CFSC "alleged a breach of the inventory loan agreement sufficient to put [VMSC] on notice of the claim. *Id*. at 1350.

VMSC replies that the "Status Quo" provision is inapplicable and applies only to a "proceeding"[1], meaning a legal action. ECF No. [104] at 2. Thus, VMSC contends that the provision "restores the lender's prior 'positions and rights' only if a ***proceeding*** to enforce a right

---

[1] Here, VMSC argues the Court should turn to various dictionary definitions to understand the meaning of proceeding. ECF No. [104] at 2 (citing *Pharma Conf. Educ., Inc. v. State*, 703 S.W.3d 305, 314 (Tenn. 2024).

is discontinued, abandoned, or results in an adverse determination – not merely because a party pursues a different theory of enforcement within the same proceeding." *Id*. Moreover, VMSC avers that the "Status Quo" provision cannot trump the "Payment Schedule" provision present in the promissory notes because § 2.01(a) of the Agreement provides that "[W]here the provisions of a Note conflict with the terms hereof, the provisions of the Note shall prevail." *Id*. at 3.

VMSC further replies that the Eleventh Circuit never explicitly endorsed an "at maturity" theory as it contends the language "become due" in the Original Complaint refers to "at the time of acceleration". ECF No. [104] at 6. As such, VMSC argues that because CFSC never raised an "at maturity" theory in the Original Complaint, the Eleventh Circuit could not have held that the Original Complaint sufficiently alleged an "at maturity" breach. *Id*.

The Court disagrees with VMSC. The Eleventh Circuit held that "the inventory loan agreement supports Caterpillar Financial's complaint and contains the promises Caterpillar Financial alleges were breached. The inventory loan agreement contained explicit promises by Venequip Miami to repay each loan under the agreement within 360 days, and sooner if a default event occurred." *Caterpillar Fin. Servs. Corp.*, 147 F.4th at 1349. Consistent with the Eleventh Circuit's holding, the Amended Complaint alleges, "VMSC Miami has failed to make any payments owed under the Promissory Notes, all of which matured and became due and owing 12 months after the date of each respective Promissory Note." ECF No. [94] ¶ 24. Attached to the Amended Complaint is the same Inventory Loan Agreement and promissory notes that were attached to the Original Complaint. To that end, the Eleventh Circuit emphasized, "a breach of contract plaintiff must, as Caterpillar Financial did here, make a plausible allegation that the defendant did not perform as promised." *Caterpillar Fin. Servs. Corp.* at 1348. Just as in the Original Complaint, the Amended

Complaint alleges the existence of a valid and enforceable contract, a deficiency in performance amounting to a breach, and damages caused by the breach.[2]

### B. Statute of Limitations

In the alternative, VMSC argues that CFSC's claims are time-barred by Tennessee's six-year statute of limitations. ECF No. [95] at 11. VMSC argues that CFSC issued a notice of default under the Agreement which accelerated the Notes on December 27, 2017. *Id.* As such, VMSC contends that CFSC had to advance its new claims "to enforce obligations under the [Agreement] and [promissory notes] no later than December 27, 2023. *Id.* VMSC avers the Amended Complaint filed on October 29, 2025, misses that deadline by "one year, ten months, and two days." *Id.* Though the Original Complaint was filed on September 20, 2022, VMSC claims that under Federal Rule of Civil Procedure 15(c), the Amended Complaint does not relate back to the Original Complaint and must be dismissed. ECF No. [95] at 12.

VMSC contends the Amended Complaint alleges fundamentally different facts, distinct timeframes and conduct, and a new theory of liability. ECF No. [95] at 13-16. Specifically, VMSC points out that "[t]he [O]riginal [C]omplaint was dominated by factual allegations concerning the corporate structure and interrelationships between Caterpillar, Venequip, and their various related entities, including detailed descriptions of other litigation and 'the Curacao action.'" *Id.* VMSC argues CFSC now "abandons these factual allegations, substituting them with a fundamentally different narrative" and the Amended Complaint introduces a "completely new set of allegations" and depends upon the "new theory" that VMSC failed to pay each note after their respective maturity date. *Id.* at 15. Such allegations, VMSC contends, creates a "disconnect in both time and conduct" as "CFSC's [O]riginal [C]omplaint focused on conduct in December 2017 – specifically

---

[2] In its Motion, VMSC does not dispute the existence of a valid and enforceable contract or damages. *See* ECF No. [95].

VMSC Curacao's purported failure to make required payments under the 2015 Loan Agreement in December 2017, followed by CFSC's formal declaration of default and acceleration due to VMSC's role as a guarantor." *Id*. at 16. According to VMSC, the Amended Complaint shifts the timeline and predicates its claims on VMSC's failure to make maturity payments throughout 2018. *Id*.

In support, VMSC cites to *Gervasi v. Warner/Chappell Music, Inc.*, No. 3:12-CV-0627, 2017 WL 413710 (M.D. Tenn. Jan. 30, 2017) for the contention that "though tied to same contract, newly alleged breaches were based on different payments arising from separate exploitations of rights, constituting 'wholly separate conduct' by the defendant." ECF No. [95] at 16 (quoting *Gervasi*, No. 3:12-CV-0627, 2017 WL 413710, at *5 (M.D. Tenn. Jan. 30, 2017). VMSC further argues the Eleventh Circuit's decision in *Forzley v. AVCO Corp. Elecs. Div.*, 826 F.2d 974 (11th Cir. 1987), which "found no relation back for a new breach of contract claim" is "analogous" to the circumstances now before the Court. ECF No. [95] at 16-17.

CFSC responds that its Original Complaint, filed on September 20, 2022, was within the six-year statute of limitations. ECF No. [101] at 8. Moreover, CFSC argues "[t]he theory of breach in the Amended Complaint was in the [O]riginal [C]omplaint and has been in this case since the beginning." *Id*. CFSC further argues that notice to the defendant is the critical issue for relations back. *Id*. at 10 (citing *Rainey Bros. Constr. Co. v. Memphis & Shelby Cnty. Bd. of Adjustment*, 821 S.W.2d 938, 942 (Tenn. App. Ct. 1991). As such, VMSC "cannot plausibly tell this Court that it had no notice of CFSC's claims; and especially not when the Eleventh Circuit has already held that CFSC's [O]riginal [C]omplaint pleaded the same theory as the Amended Complaint." *Id*. at 11. CFSC argues that *Forzley* is distinct because it concerned a "new claim for overtime [which] arose from different conduct than [the] wrongful termination claim." ECF No. 101 at 11.

Regarding *Gervasi*, CFSC argues it is not "on point" because the "amended pleading was based on different royalty payments arising from [a] separate violation of rights." ECF No. [101] at 11.

The Court finds that *Gervasi* is distinct. In *Gervasi*, the Plaintiff's first complaint identified "domestic exploitations of thirteen enumerated compositions" covered by a Renewal Agreement, whereas her proposed amended complaint sought to expand from thirteen compositions to all compositions covered by the renewal agreement. No. 3:12-CV-0627, 2017 WL 413710, at *5. In this context, the court determined, "Even though the claims arise from alleged breaches of the same agreement, they arise from separate royalty payment transactions or from wholly separate conduct with respect to WCM's dealings with its foreign affiliates." *Id*. The fact pattern in *Gervasi* is more akin to a scenario in which CFSC is seeking to add within its Amended Complain additional promissory notes covered under the same Agreement. Rather, as CFSC correctly points out, "VMSC Miami's failure to pay at maturity arises from the same loan transactions as VMSC Miami's failure to pay the accelerated amount (which covers the same principal and accrued interest that would be due at maturity)." ECF No. [101] at 10.

Moreover, in *Forzley*, the plaintiff filed his claim for damages resulting from the defendant's alleged breach of contract. As the Eleventh Circuit made clear:

> That claim was based solely on the ground that the agreement was terminated before the expiration of the two year term without contractual justification. That complaint put AVCO on notice that Forzley sought pay and other contractual benefits that he would have received for the remainder of the contractual term had the agreement not been terminated on September 3, 1983.

*Forzley v. AVCO Corp. Elecs. Div.*, 826 F.2d 974, 982 (11th Cir. 1987). Thus, the Eleventh Circuit determined the defendant could not have expected to defend plaintiff's new claims for retroactive overtime pay which preceded the contract termination. *Id*. As such, the Eleventh Circuit held that

the claim for retroactive overtime pay did not arise out of the same transaction or occurrence of the original complaint and was time-barred. *Id*.

> "Rule 15(c) is based on the concept that a party who is notified of the litigation concerning a given transaction or occurrence has been given all the notice that the statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment ... will relate back even though the statute of limitations has run in the interim."

*Id.* at 981 (quoting J. Moore, *Moore's Federal Practice* ¶ 15.15[3] at 15–147 to 149 (2d ed. 1985).

Here, as the Court previously noted, the Original Complaint contained notice that "[a]s of December 2017, VMSC [] is, and remains, in default of its obligations under the express terms of the Agreement by virtue of its failure to repay amounts as they become due." ECF No. [1] ¶ 5. Moreover, the facts and circumstances of the Amended Complaint concern the same Agreement and promissory notes as the Original Complaint. The Eleventh Circuit previously held that "the inventory loan agreement supports Caterpillar Financial's complaint and contains the promises Caterpillar Financial alleges were breached. The inventory loan agreement contained explicit promises by Venequip Miami to repay each loan under the agreement within 360 days, and sooner if a default event occurred." *Caterpillar Fin. Servs. Corp.*, 147 F.4th at 1349. As such, the Court finds VMSC was sufficiently placed on notice of the allegations in CFSC's Amended Complaint, which appropriately relate back and the claims are not time-barred by Tennessee's statute of limitations. VMSC's Motion to Dismiss is denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion to Dismiss**, ECF No. [95]** is **DENIED**.

2.   Defendant shall file its Answer to the Amended Complaint by **March 19, 2026**.

Case No. 22-cv-23002-BLOOM/D'Angelo

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 5, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

11