**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-23002-BLOOM/D'Angelo**

CATERPILLAR FINANCIAL SERVICES CORPORATION,

Plaintiff,

v.

VENEQUIP MACHINERY SALES CORPORATION,

Defendant.
_______________________________________/

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon Plaintiff Caterpillar Financial Services Corporation's ("CFSC") Motion for Judgment on the Pleadings, ECF No. [175]. Defendant Venequip Machinery Sales Corporation ("VMSC") filed a Response in Opposition, ECF No. [192], and CFSC filed a Reply in Support, ECF No. [193]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

Plaintiff's Amended Complaint alleges that Caterpillar is the world's leading manufacturer of industrial equipment and engines. ECF No. [94] ¶ 8. Caterpillar, through CFSC, provides financing to "various dealers and select customers, including VMSC Miami". *Id.* ¶ 9. On June 30, 2016, CFSC entered into an Inventory Loan Agreement with VMSC, which entitled VMSC Miami to periodically borrow up to $5 million in funds from CFSC to purchase inventory from Caterpillar or other affiliates of CFSC. *Id.* ¶ 11. The Inventory Loan Agreement sets forth the process by which CFSC would make loans to VMSC. Specifically, "[e]ach Loan hereunder shall be evidenced

by a separate Note payable to the order of [CFSC], in the total amount of such Loan." *Id.* ¶ 12. In 2017, between January and October CFSC and VMSC executed a series of promissory notes "evidencing the loans made by CFSC to VMSC." *Id.* ¶ 13. Each promissory note is "governed by the [Agreement] and the terms set forth in each note. *Id.* ¶ 14. While the Agreement established the framework under which VMSC would borrow and CFSC would lend money, each promissory note reflects an individual loan CFSC made to VMSC. *Id.* ¶ 15. CFSC's Amended Complaint asserts six counts of Breach of Contract, one for each promissory note, alleging VMSC failed to make the required repayments of principal and interest. *Id.* ¶¶ 28-55.

In its Answer to the Amended Complaint, VMSC asserts affirmative defenses such as (1) fraudulent inducement, (2) breach of the implied covenant of good faith and faith dealing, (3) agency and principal liability, (4) release and excuse of performance/prior Agreement, (5) setoff/unjust enrichment, (6) impossibility, (7) breach of the implied covenant of good faith and fair dealing, (8) unclean hands, (9), setoff/mitigation/unjust enrichment/double recovery, (10), failure to mitigate damages, (11) statute of limitations, (12) usury, (13) unenforceable penalties, (14) failure to pay Florida Documentary Stamp Tax, and (15) failure of consideration. *See generally* ECF No. [156].

CFSC now files a Motion for Judgment on the Pleadings. *See* ECF No. [175]. CFSC argues that VMSC admits each of element of CFSC's Breach of Contract claims. *Id.* at 5. CFSC further contends that VMSC's affirmative defenses are legally insufficient and do not preclude judgment on the pleadings. *Id.* at 7. Specifically, CFSC contends VMSC fails to properly plead fraudulent inducement; fails to plead a breach of the implied covenant of good faith and fair dealing; VMSC's agency and principal liability defense is not a legal cognizable defense; VMSC's release defense fails because the purported release does not modify the Inventory Loan Agreement; VMSC is

contractually barred from asserting setoff; VMSC's impossibility of impracticability defense is barred by its unconditional promise to pay; unclean hands is not a defense to breach of contract; VMSC's argument that insurance proceeds reduce damages does not bar VMSC's liability for breach of contract; CFSC was not required to litigate with its insurers; VMSC concedes that the Court already rejected its statute of limitations defense in denying its motion to dismiss; VMSC's usury defense fails because the interest rate is within the legal limit; CFSC's damages are not unforeseeable because they appropriate under Tennessee law; CFSC does not need to pay a stamp tax to obtain a judgment on the pleadings and consideration is obvious on the face of the pleadings.

VMSC responds that judgment on the pleadings is only appropriate where there are no material facts in dispute. ECF No. [192] at 3. VMSC argues that it has denied each element of CFSC's claims. *Id*. at 4. Specifically, VMSC points out that it has never admitted that the Inventory Loan Agreement or promissory notes are enforceable. *Id*. Moreover, VMSC contends there is a material dispute concerning CFSC's performance, and VMSC has denied breach fifteen times. *Id*. at 6. As to its affirmative defenses, VMSC argues it has adequately plead its affirmative defenses and provided fair notice. *Id*. at 7.

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). "A motion for judgment on the pleadings admits the [non-moving

party's] factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-23680-CIV, 2020 WL 2850587, at *1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. for Heath Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)). "In determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [ ] view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

### A. Breach of Contract

CFSC contends that VMSC admits it executed enforceable binding contracts. ECF No. [175] at 5. CFSC points to VMSC Answer in which it admits that it executed six separate written Promissory Notes under the Inventory Loan Agreement. *Id.* (citing ECF No. [156] ¶ 30). VMSC asserts that VMSC's Answer admits that it has not made any wire transfers or transmitted any

checks to CFSC as payments under the Promissory Notes. *Id*. at 6 (citing ECF No. [156] ¶ 24). CFSC argues the admission of nonpayment constitutes breach of the notes, and VMSC's admission of nonpayment establishes *prima facie* proof of CFSC's damages. *Id*. As such, CFSC avers it is entitled to judgment on the pleadings.

VMSC responds that it has denied each element of CFSC's claims. ECF No. [192] at 4. VMSC contends that its Answer expressly denies liability, breach, causation, and enforceability as asserted by CFSC.

VMSC contends that while the Answer acknowledges execution of the Inventory Loan Agreement and Promissory Notes, it denies CFSC's allegation that they constitute enforceable contracts. VMSC also points out that the Answer pleads that the Inventory Loan Agreement does not operate as a standalone agreement but instead contemplates a separate Merchandising Plan which was never provided. *Id*. at 5 (citing ECF No. [156] ¶¶ 11, 29). VMSC contends that the Inventory Loan Agreement defines the separate Merchandising Plan as the document that governs the terms and conditions relative to the Plan Inventory financing. *Id*. As such, the Inventory Loan Agreement repeatedly relies upon the Merchandising Plan to define how inventory may be financed, used, insured, and monitored. VMSC avers there are no peripheral references in the Inventory Loan Agreement, but that the Merchandising Plan is incorporated in such a way as to leave out material terms from a missing document. VMSC argues that where core performance obligations reside in an incorporated but missing document, the unproduced Merchandising Plan presents a material factual issue that cannot be resolved on the pleadings.

VMSC further contends that where repayment obligations depend on performance, performance must be proven and cannot be presumed. *Id*. at 6. VMSC argues that not only does it

deny breach, but it affirmatively alleges the Inventory Loan Agreement imposed specific obligations on CFSC, which amount to non-performance.

VMSC points out that it has not admitted to breach; rather, it has denied breach fifteen times. *Id*. (citing ECF No. [156] ¶¶ 24, 25, 26, 26(d), 26(h), 26(i), 26(p), 26(t), 26 (x), 33, 37, 41, 45, 49, 53). While VMSC acknowledges that it admits it has not wired funds or transmitted checks to CFSC, it denies the remainder of Paragraph 24 of the Complaint, which asserts that the Promissory Notes are mature and due. *Id*. at 6-7. Moreover, VMSC contends it has repeatedly denied that any alleged breach caused SFSC's alleged losses and damages. *Id*. at 7 (citing ECF No. [156] ¶¶ 35, 39, 43, 47, 51, 55).

Under Tennessee law, "[i]n a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011).

As to an enforceable contract, VMSC admits that the Parties entered into the Inventory Loan Agreement and executed the Promissory Notes. ECF No. [156] ¶¶ 11, 13. Within the Inventory Loan Agreement, the term "Merchandising Plan" means "the twelve (12) month or 360 day inventory financing program established by Lender for use by approved dealers of Caterpillar Inc; the said program governs the terms and conditions relative to the Plan Inventory Financing hereunder." ECF No. [94-1] at 4. Moreover, the Inventory Loan Agreement provides that the proceeds of each loan shall be used by the Borrower to solely finance Plan Inventory. *Id*. at 7. The Inventory Loan Agreement also places insurance obligations upon the Borrower relative to the value of the Plan Inventory. *Id*. at 11. While under Tennessee law, "[i]ndefiniteness regarding an essential element of a contract 'may prevent the creation of an enforceable contract,'" *Doe v. HCA Health Servs. of Tennessee, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001), the Merchandising Plan has

no effect on the repayment of the Promissory Notes, in which VMSC "absolutely and unconditionally promises to pay" CFSC. *See* ECF No. [94-2]. Moreover, the Inventory Loan Agreement is explicit that "[w]here the provisions of a [Promissory] Note conflict with the terms hereof, the provisions of the [Promissory] Note shall prevail." ECF No. [94-1] at 5. As such, the Court does not agree with VMSC that the missing Merchandising Plan presents a material fact issue as to the enforceability of the Inventory Loan Agreement and Promissory Notes.

As to breach, "the plaintiff has the burden of proving his own performance or willingness to perform in compliance with the contract as alleged." *Aratex Servs., Inc. v. Tennessee Com. Warehouse*, 1993 WL 312675, at *2 (Tenn. Ct. App. Aug. 18, 1993)). Here, VMSC contends not only that it has denied breach, but affirmatively alleges the Inventory Loan Agreement imposed specific performance obligations on CFSC of which it failed to comply. ECF No. [192] at 6. Specifically, VMSC points out that under the Inventory Loan Agreement, VMSC would purchase CFSC "Plan Inventory" and subsequently submit corresponding CFSC invoices for enrollment in the Inventory 360 Program. ECF No. [156], Affirmative Defenses ¶ 13. The Program did not involve any cash disbursements to VMSC or any direct payments by VMSC to CFSC; instead, CFSC was obligated to transmit funds to Caterpillar Americas. VMSC indicates it has no knowledge whether CFSC performed its obligations under the Inventory Loan Agreement, and whether any amounts are owed. *Id.* ¶ 14. Moreover, though CFSC relies upon VMSC's admission that it did not make any payments to CFSC under the promissory note, the full answer denies that the Promissory Notes were mature and became due. ECF No. [156] ¶ 24.

"In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d

1329, 1335 (11th Cir. 2014). Here, the non-moving party, VMSC, sufficiently disputes breach, CFSC's performance under the Loan Inventory Agreement, and the maturity of the Promissory Notes. While CFSC replies that it has performed by permitting VMSC to purchase Caterpillar products without paying for them, such performance still obligated CFSC to transmit funds to Caterpillar Americas. ECF No. [94-1] at 5. Because the Court finds material facts in dispute as to breach, the Court need not address damages or VMSC's affirmative defenses. Accordingly, the Motion is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [175]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2026.



**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record